UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HARRIET NELSON**                               **CIVIL ACTION**

**VERSUS**                                       **NO: 16-13456**

**LOUISIANA DEPARTMENT OF**                      **SECTION "H"**
**TRANSPORTATION AND DEVELOPMENT**

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment. For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Plaintiff, an African-American female, has been employed by Defendant Louisiana Department of Transportation and Development at its Raceland yard since 2003. Since 2004 she has been employed as an "Operator II." She alleges that in 2015 she applied for a promotion to "Heavy Equipment Operator 1," but she was passed over for this promotion in favor of a less-qualified white male. Later that same year, she applied for a promotion to the position of "Highway Foreman 1," but was again passed over in favor of a white male. She brings Title VII claims of racial discrimination relative to these events. She seeks back pay and a promotion to the Heavy Equipment Operator 1 Position.

Defendant filed the instant Motion for Summary, arguing that Plaintiff cannot carry her burden of proof and establish that racial animus motivated it hiring decision. Plaintiff opposes this Motion.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

In order for Plaintiff to succeed in her Title VII claim of discrimination based on race, she must show that "(1) she is a member of a protected class, (2) she was qualified for the position she sought, (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably."[9]  Discrimination claims are evaluated under the *McDonnell Douglas* burden-shifting framework:

> A plaintiff can prove intentional discrimination through either direct or circumstantial evidence. Where the plaintiff offers circumstantial evidence, the *McDonnell Douglas* framework requires the plaintiff to establish a prima facie case of discrimination, which, if established, raises a presumption of discrimination. The employer must then produce a legitimate nondiscriminatory reason for the adverse employment decision. Once the employer produces a legitimate nondiscriminatory reason, the presumption of discrimination dissipates. The plaintiff bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against her because of her protected status. To carry that burden, the plaintiff must produce substantial evidence of pretext. The plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates. A

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

> plaintiff may establish pretext by showing that a discriminatory motive more likely motivated her employer's decision, such as through evidence of disparate treatment, or that [her employer's] explanation is unworthy of credence.[10]

A plaintiff must "present evidence—not just speculation and conjecture—that the defendants discriminated against her on the basis of her race."[11] "To avoid summary judgment, "the evidence taken as a whole must create (1) a fact issue regarding whether each of the employer's stated reasons was what actually motivated it and (2) a reasonable inference that race . . . was a determinative factor in the actions of which plaintiff complains."[12] The evidence offered by the Plaintiff must be "substantial," such that a jury could reasonably infer discriminatory intent.[13]

Here, the parties do not dispute that Plaintiff can prove a prima facie case of racial discrimination. Defendant has, however, offered legitimate, non-discriminatory reasons for its decision to promote other employees over Plaintiff. All applicants for the subject positions were interviewed by a three-person panel consisting of white male Gary Gisclair, white female Theresa Scivicque, and black male Tyrone Scott. The panel considered various factors including supervisory experience, operating experience, safety experience, work attendance, and interview performance. With regard to both positions, Defendant states that both Plaintiff and the successful applicants were reviewed using an objective scoring system approved by the State Civil Service Commission, and the position was awarded to the individual receiving the

---

[10] *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (internal citations and quotations omitted).
[11] *Lawrence v. Univ. of Texas Med. Branch at Galveston*, 163 F.3d 309, 312 (5th Cir. 1999).
[12] *Id.*
[13] *Id.*

highest score on this matrix. The Court has reviewed the documentation relative to the hiring process and finds that it contains no evidence of racial discrimination. Accordingly, the burden shifts to Plaintiff to come forward with evidence establishing that this proffered reason is pretextual. She has not done so. Indeed, in her deposition, she stated that she had not observed racial animus on the part of the members of her hiring committee.

Plaintiff spends much of her opposition brief arguing that she was better qualified than that individuals who were ultimately hired for the positions. This argument ignores the appropriate standard of proof in Title VII cases. It is not the province of the Court "to scrutinize the employer's judgment as to who is best qualified to fill the position; nor is it the [court's] task to weigh the respective qualifications of the applicants."[14] These arguments are, therefore, insufficient for a reasonable jury to find discriminatory intent.

The sole evidence Plaintiff cites to rebut Defendant's legitimate, non-discriminatory reasons for its decision appears in her "Statement of Controverting Facts," offered in conjunction with her Opposition to this Motion. Therein, she asserts that Tyrone Scott, an African American member of her hiring committee, previously told her that, "They gonna promote theirs, before they gonna promote us" and "I got to do what they tell me to do."[15] These statements were not raised in Scott's deposition and appear for the first time in this filing. Defendant argues that these statements are inadmissible hearsay.

Even if admissible, however, these statements are insufficient to constitute substantial evidence to rebut Defendant's legitimate,

---

[14] *Deines v. Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999).
[15] Doc. 18-1 at 2.

5

nondiscriminatory reason for its hiring decision. Plaintiff points to the unreported Fifth Circuit case of *Reilly v. TXU Corp.* in support of her contention that these statements are sufficient to create a genuine issue of material fact as to Defendant's discriminatory intent.[16] The Court finds this comparison unavailing. There, a member of the interview panel told the plaintiff that though he thought the plaintiff's interview had gone well, he thought he would not be hired because one of the other panel members had a "diversity issue."[17] This conversation took place after the interview in question.[18] The court found that this evidence was sufficient to create a genuine issue of material fact as to the defendant-employer's intent. Here, however, plaintiff has provided no context for these statements, and has not linked them to the hiring decision. Indeed, she admits the first statement was made before Scott had been promoted to supervisor. No reasonable jury could infer racial animus on the part of the interview panel from these statements alone. Accordingly, Defendant's Motion for Summary Judgment must be granted.

## CONCLUSION

For the forgoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 12th day of June, 2017.

---

[16] *Reilly v. TXU Corp.*, 271 F. App'x 375, 377 (5th Cir. 2008).
[17] *Id.*
[18] *Id.*

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**